IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN DAVIS,<br><br>        Plaintiff,<br><br>v.<br><br>KOOTENAI COUNTY, et al.,<br><br>        Defendants. | Case No. CV 08-250-N-BLW<br><br>PRETRIAL ORDER |

On February 17, 2010, the Court held a pretrial conference in this matter. Based on that conference, the Court issues the following order:

NOW THEREFORE IT IS HEREBY ORDERED, that

1. **Legal Issues Remaining:** The Court understands that two main legal issues need to be resolved prior to trial: (1) Whether comparative fault is a defense, and (2) Whether evidence of plaintiff's gambling should be excluded under Fed. R. Evid. 403.

2. **Jurors**: Seven jurors will be empaneled to try the case.

3. **Magistrate Taking the Verdict**: All parties agree that, if necessary, a Magistrate Judge may take the verdict in this case. This may become necessary if the jury deliberations continue past March 5, 2010.

**Order -- page 1**

4.  **Trial Day**: Beginning on Tuesday, March 2, 2010, the Court will run trial from 8:30 a.m. to 2:30 p.m., with two 20 minute breaks. If necessary, the Court will run trial later.

5.  **Trial Procedures**:

    a.  The Court will generally control voir dire, and counsel will be limited to 20-30 minutes. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

    b.  During trial, the jury will be in the box hearing testimony the entire trial day, except for the two breaks. During the time the jury is in the jury box, no argument, beyond on-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable

subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

c. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

DATED: **February 20, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge