IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN M. DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>KOOTENAI COUNTY IDAHO, a Political Subdivision of the State of Idaho; ROCKY WATSON, Kootenai County Sheriff; Kootenai County Sheriff Officers JASON SHAW, ART DOLLARD, DENNIS STINEBAUGH, and J. DAVIS; and JOHN DOE OFFICERS I through III,<br><br>  Defendants. | Case No. CV-08-250-N-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it two motions in limine filed by Davis (an original motion and an amended motion), and a motion in limine filed by the defense. At the pretrial conference, counsel informed the Court that they had reached agreement on all but two issues raised in those motions. This decision will discuss those two issues.

**Memorandum Decision and Order -- 1**

# ANALYSIS

## **Comparative Fault**

With regard to his state law claim for negligence, Davis seeks to preclude the jury from considering his comparative negligence for two reasons. First, Davis argues that "defendants cite no authority for the existence of plaintiff's duty to himself." *See Trial Brief (docket no. 62)* at p. 5. Yet Davis is under the same obligation to use ordinary care for his own safety as are the defendants; if his own negligence contributed to his injuries, the jury must apportion fault. *See Idaho Code § 6-802.* Thus, there is authority "for the existence of plaintiff's duty to himself."

Davis argues next that "[p]laintiff's actions did not contribute to his injuries since he was only injured because the defendants chose to utilize excessive force to locate him." *See Trial Brief (docket no. 62)* at p. 5. Davis goes on to argue that it was not foreseeable that his "text message would result in a canine being released from a lead and attacking him," and that he did not provoke the dog or contribute to his injuries in any way. *Id.*

Davis is asking the Court to find that there are no genuine issues of material fact as to his comparative negligence and that he is entitled to a judgment as a matter of law on the issue. To so find would award Davis a partial summary

**Memorandum Decision and Order -- 2**

judgment even though he did not file such a motion within the deadline set by the Court.  The Court refuses to ignore the deadlines in that manner.

Moreover, whether a plaintiff's conduct amounts to comparative fault is generally a question for the jury, and only when "the undisputed facts lead to only one reasonable conclusion [may] the court . . . rule as a matter of law." *Puckett v. Oakfabco, Inc.*, 979 P.2d 1174 (Id. Sup. Ct. 1999).  Given that no dispositive motion was filed, the Court must hear the evidence before it can even consider taking this issue from the jury.  Accordingly, the Court will not adopt at this time the argument of Davis that his comparative fault cannot be submitted to the jury.  Davis is free to raise this issue again once the evidence has been submitted.

**Admissibility of Extent of Gambling Problem**

Davis has filed an original and amended motion in limine seeking to exclude any evidence (1) as to when his gambling problem started, (2) the amount of money he lost gambling before these events occurred, (3) whether the amount lost was significant, (4) whether he gambled more than he could afford, (5) whether he gambled more than his income allowed, (6) whether he compromised his family with his gambling, (7) whether he continues to gamble, (7) any gambling losses he has had since these events, (8) treatment recommendations made to Davis for his gambling problem, and (9) what treatment he has undertaken regarding his

**Memorandum Decision and Order -- 3**

gambling. Davis argues that all of these matters are irrelevant.

The reasonableness of the officers' action depends in large part on what they knew when they took those actions. In order for evidence of various aspects of Davis's gambling problem to be admissible, there must be some evidence that the officers knew about those matters before taking the actions that are challenged in this case. For example, before Davis was committed to an involuntary hold at the hospital – an action he challenges as false imprisonment – there is evidence that he told the officers that he had a "real bad gambling problem." *See K-9 Activity Report at p. 3*. This statement would be relevant to determining the officers' state of knowledge and the reasonableness of their actions with regard to the involuntary hold.

However, further details regarding Davis's gambling problem that were not known by the officers until after the incident would not appear to be relevant. Defendants argue, however, that if they cannot show these further details, the jury "will be left with the inaccurate impression urged by plaintiff that this was not serious enough to place him on an involuntary mental hold and that he was falsely imprisoned." *See Supplemental Trial Brief (Docket No. 64) at p. 6*. Certainly if Davis opens the door by testifying that his gambling problem was not significant, the details of his gambling showing otherwise would become relevant for

**Memorandum Decision and Order -- 4**

impeachment purposes, even if not known to the officers at the time. But until Davis opens that door, the details unknown by the officers at the time would not appear to be relevant.

All of this is conjecture at this point because the admissibility of the gambling evidence depends on its context and how it is tied to the officers' knowledge. Moreover, counsel have only discussed relevance and there may be other issues regarding the evidence of gambling that bear on its admissibility. Because of these unknown factors, the Court must deny the motion, but will do so without prejudice to the plaintiffs' right to object during trial to any evidence or discussion of gambling.

Despite the denial of the motion, the Court has set forth some general boundaries regarding the relevancy of the gambling evidence. Counsel are instructed that before any disputed evidence of gambling is discussed in front of the jury, that counsel notify the Court in order that the issue might be discussed outside the presence of the jury and a ruling be made by the Court.

Davis's two motions in limine, and defendants' motion in limine, discuss other issues, but the Court understands from the pretrial conference that these issues have been resolved by agreement between the parties. The Court will thus declare the motions moot as to those issues that have been so resolved. If the

**Memorandum Decision and Order -- 5**

Court's understanding is mistaken, counsel can raise these issues with the Court.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Court will not, at this time, exclude all evidence or discussion of Davis's comparative negligence.

IT IS FURTHER ORDERED, that the motions in limine (Docket Nos. 48 & 61) are DENIED IN PART AND DECLARED MOOT IN PART.  They are denied to the extent they seek to exclude evidence of the details of Davis's gambling activities and treatment, and are declared MOOT as to the remainder, in accordance with the discussion above.

IT IS FURTHER ORDERED, that before any disputed evidence of gambling is discussed in front of the jury, that counsel notify the Court in order that the issue might be discussed outside the presence of the jury and a ruling be made by the Court.

**Memorandum Decision and Order -- 6**

IT IS FURTHER ORDERED, that the motion in limine filed by the defense (Docket No. 52) is DECLARED MOOT in connection with the discussion above.

DATED: **February 25, 2010**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order -- 7**