IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN M. DAVIS, | Civ. No. 08-0250-N-BLW |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER |
| KOOTENAI COUNTY IDAHO, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it a motion to retax costs and a motion for release of bond filed by the plaintiff Davis. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the motion to retax costs and grant the motion for release of the bond.

## MOTION TO RETAX COSTS

### Depositions of Defendant Officers

Davis objects to the taxation of costs for depositions taken by Davis of the defendant officers. The prevailing party – in this case the defendants – may

**Memorandum Decision & Order – page 1**

recover the cost of a copy of the deposition "used for any purpose in connection with the case" where the prevailing party was not the noticing party. *See Local Rule 54.1(c)(3)*. Here, Davis was the noticing party for the officers' depositions, so the defendants could recover the cost of a copy of those depositions "used for any purpose in connection with the case."

Davis argues that the depositions "were not necessary costs as the officers were available as witnesses. As such, the depositions were not necessary to the defendants' case and extraneous." *See Davis Motion to Re-Tax* at p. 4. However, defense counsel filed his affidavit explaining that he "used these deposition transcripts to prepare these defendants for trial, including potential cross-examination and impeachment." *See Erbland Affidavit* at ¶ 4. That representation by counsel establishes that the deposition costs fell within the phrase "used for any purpose in connection with the case," and hence are allowable costs under Local Rule 54.1(c)(3).

Davis argues that even if costs are allowable, they should be pro-rated on the basis of their use at trial. But "use at trial" is not the standard set by Local Rule 54.1(c)(3); rather, the standard is whether the depositions were "used for any purpose in connection with the case." Because that standard has been met – as discussed above – a pro-rata allocation would be inappropriate.

**Memorandum Decision & Order – page 2**

**Depositions of Philena Davis, Wendy Davis, Aaron Krieg & Gabriel Davis**

In his original cost bill, defense counsel sought to recover the costs of these depositions because each of these persons was listed by Davis as a potential witness at trial, making their depositions necessary "for purposes [of] preparation for trial and potential impeachment of these witnesses." *See Erbland Affidavit* at ¶ 3. The Clerk awarded costs on that basis.

Davis argues that the expenses for these depositions cannot be taxed as costs because the depositions were not used at trial. But once again, that is not the governing standard. The standard is whether the depositions were "used for any purpose in connection with the case." The representation by defense counsel in his affidavit quoted above establishes that the depositions fall within that phrase, and hence the award of costs was proper.

**Experts**

Davis argues that the defendants were awarded three days of witness fees and subsistence when they only testified for a total of just over an hour on a single day. In response, defense counsel explained that the two experts flew in from Alabama and California, spent a limited time in Coeur d'Alene (where the trial was held) to prepare for trial, and returned home the same day they testified. *See Erbland Affidavit* at ¶ 5. Given the difficulty of estimating when a witness might

**Memorandum Decision & Order – page 3**

testify – and this Court's strict policy requiring witnesses to be available to avoid any downtime during trial – the allowance of three days of witness fees and subsistence was proper in this case.

## MOTION FOR RELEASE OF BOND

Davis seeks a release of the bond of $1,000 he filed in order to allow him to use those funds in paying the cost bill. The Court will grant that motion.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to retax costs (docket no. 86) is DENIED.

IT IS FURTHER ORDERED, that the motion to release bond (docket no. 85) is GRANTED.

DATED: **May 5, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge